IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| SHARON K. RIDDICK, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiff,<br><br>    v.<br><br>CHEX SYSTEMS, INC.,<br><br>    Defendant. | Case No. 2:24-cv-700 |

**MEMORANDUM OPINION**

The Court previously issued an Order denying the motion to dismiss filed by Defendant Chex Systems, Inc. ECF Nos. 19 (motion), 42 (Order). This Opinion memorializes its reasoning.

**I.    BACKGROUND**[1]

This case is a class action brought under § 1681e(b) of the Fair Credit Reporting Act ("FCRA"), which requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy" in their credit reporting. 15 U.S.C. § 1681e(b). Chex is a consumer reporting agency subject to § 1681e(b) requirements. ECF No. 16 ¶¶ 1–2.

---

[1] At this juncture, the Court "accept[s] as true all well-pleaded allegations" in the Amended Complaint "and view[s] the complaint in the light most favorable to the plaintiff." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

In September 2019, the plaintiff obtained a bankruptcy discharge that included her SunTrust bank account. ECF No. 16 ¶ 21. However, when the plaintiff applied for a bank account with Chartway Federal Credit Union in March 2024, her application was denied due to an overdrafted account with SunTrust that was marked "UNPAID" in her Chex report—even though she no longer owed the debt. *Id.* ¶¶ 12–13, 16, 21.

The plaintiff brought this suit on behalf of herself and others who were subject to a Chex consumer report that erroneously indicated an outstanding balance on an account that was discharged in bankruptcy. *Id.* ¶¶ 63–64. The plaintiff seeks recovery under 15 U.S.C. § 1681n, which governs civil liability for willful violations of the FCRA and allows recovery of punitive damages. *Id.* ¶ 72; 15 U.S.C. § 1681n(a)(2). While the plaintiff does not engage with the possibility that Chex's alleged violations of § 1681e(b) were negligent, § 1681o allows for recovery of actual damages for a negligent violation of the FCRA. 15 U.S.C. § 1681o(a)(1).

The plaintiff raises two possible ways Chex may have failed to implement reasonable procedures in releasing her information. First, she alleges Chex should have had procedures in place to ensure the accuracy of consumer data provided by banks, possibly by cross-referencing or using automated reviews of the public bankruptcy record. ECF No. 16 ¶¶ 23–26, 30–34. Second, she alleges Chex should have been aware that SunTrust Bank, which provided Chex with information about the plaintiff's chargeoff account, was not a presumptively reliable source of consumer

2

data and that, therefore, Chex should not have reported information from SunTrust without further investigation. *Id.* ¶ 35.

Chex filed a motion to dismiss alleging that the Amended Complaint fails to state a claim on which relief can be granted. ECF Nos. 19 (motion), 20 (memorandum).

## II. LEGAL STANDARD

### A. Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss" under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true," *Twombly*, 550 U.S. at 545, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III. ANALYSIS

The plaintiff states a claim under § 1681e(b) of the FCRA. *See* 15 U.S.C. § 1681e(b). To prove a violation of § 1681e(b), whether negligent or willful, a plaintiff must establish not only that the consumer reporting agency reported inaccurate information but also that the agency failed to follow reasonable procedures to ensure

it did not report inaccurate information. *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). For the purpose of its motion to dismiss, Chex does not dispute that the information it reported about the plaintiff was inaccurate.[2] ECF No. 33 at 5, n.1. The Amended Complaint plausibly alleges that Chex failed to follow reasonable procedures and that such failure was willful. *See* ECF No. 16 ¶¶ 70–71.

### A. Reasonable Procedures

Under 15 U.S.C. § 1681e(b), the plaintiff bears the burden of establishing that the consumer reporting agency failed to follow reasonable procedures to ensure maximum possible accuracy. *Dalton*, 257 F.3d at 416. Normally, a jury must decide whether the defendant's procedures meet "the very high standard" set by the FCRA. *Andrews v. TRW, Inc.*, 225 F.3d 1063, 1068 (9th Cir. 2000), *rev'd and remanded*, *TRW Inc. v. Andrews*, 543 U.S. 19 (2001); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("The reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases."). And a jury must consider whether the defendant's procedures were reasonable *in context*, not in a vacuum. *See Andrews*, 225 F.3d at 1067 ("It is quintessentially a job for a jury to decide whether identity theft has been common enough for it to be reasonable for a credit reporting agency to disclose credit information merely because a last name matches a social security number on file.").

---

[2] A report need not be "patently incorrect" to be inaccurate under the FCRA; the provision also captures reports that are "misleading in such a way and to such an extent that it can be expected" to adversely affect the consumer. *Dalton*, 257 F.3d at 415 (quoting *Sepulvado v. CSC Credit Servs.*, 158 F.3d 890, 895 (5th Cir. 1998)).

4

Here, the plaintiff alleges Chex produced a consumer report indicating the plaintiff had an unpaid chargeoff account even though that account had been discharged in a publicly reviewable bankruptcy proceeding. ECF No. 16 ¶¶ 15–19, 21–22. She alleges, too, that the defendant had "ZERO procedures in place" to confirm the information it reported against the public bankruptcy record. *Id.* ¶ 26. And her claim does not rest on an argument that a credit reporting agency is bound in any and all circumstances to check the bankruptcy record before preparing a report.[3]

According to the Amended Complaint, Chex's reports suffered from "frequent errors in bankruptcy related credit information," and the defendant received multiple complaints through the Consumer Financial Protection Bureau (CFPB) over the past decade flagging that its reports misrepresented debts discharged in bankruptcy—the same kind of debt it misrepresented in the plaintiff's report.[4] ECF No. 16 ¶¶ 31, 34.

---

[3] Chex is correct that the District of Kansas, in a similar case, found that § 1681e did not require Chex "to check PACER [for bankruptcy discharges] prior to preparing a report." ECF No. 20 at 4 (quoting *George v. Chex Sys., Inc.*, No. 2:16-cv-2450, 2017 WL 119590 at *3 (D. Kan. Jan. 12, 2017)). But the *George* court did not reject the possibility that reasonable procedures may require credit reporting agencies to take steps to confirm their information before releasing reports; it merely held that § 1681e did not *require* defendant Chex, at the time of the *George* case and with no additional context, to conduct a PACER search. *See George*, 2017 WL 119590, at *3.

While *George* is relevant, its reasoning is certainly not dispositive of the plaintiff's present case, brought more than eight years later. As the plaintiff alleges, Chex may have become aware of pervasive problems with its reporting accuracy—including through cases like *George*, in which other plaintiffs raised the same problem the plaintiff raises in this case. *See* ECF No. 16 ¶ 34.

[4] The plaintiff also claims that "[d]iscovery will show that Chex [] was on notice that SunTrust was not a presumptively reliable source." ECF No. 16 ¶ 35. While Chex emphasizes that this allegation has limited support, the plaintiff does not need to allege Chex was on notice that SunTrust was unreliable in order to plausibly allege

5

It is in this context that the plaintiff alleges Chex failed to follow reasonable procedures by disclosing information about consumer debts without either conducting an initial investigation of whether its data sources were reliable or incorporating a review of public bankruptcy filings.[5] *Id.* ¶¶ 35–36.

This Court cannot now determine whether the plaintiff will be able to show that Chex failed to use reasonable procedures to ensure the accuracy of its reporting. At this stage, however, the plaintiff has alleged facts that, if true, could demonstrate that Chex's procedures were not reasonable in the context.

### B.     Willfulness

To recover damages, the plaintiff must show that Chex's violation was either willful or negligent. *See* 15 U.S.C. §§ 1681n, 1681o. The Amended Complaint asserts only that the violation was willful.

A willful violation under § 1681n encompasses reckless violations of the FCRA. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). Accordingly, to demonstrate

---

Chex failed to use reasonable procedures. It is sufficient that the plaintiff alleges Chex knew or should have known of systematic errors in its reporting of bankruptcy-related information.

[5] Indeed, the plaintiff alleges that Chex had several available options to improve the accuracy of its credit reports regarding debts that may have been discharged in bankruptcy. Instead of conducting a manual review of public bankruptcy records, it could have joined Equifax, TransUnion, Experian, and LexisNexis in using an automated procedure to account for bankruptcy information on PACER. ECF No. 16 ¶¶ 52–54. It could have used non-PACER bankruptcy reporting services from LexisNexis or Experian; in fact, the plaintiff alleges Experian bankruptcy data are already available to Chex through an existing relationship between the companies. *Id.* ¶¶ 55–57. Additionally, the plaintiff alleges Chex could have investigated the companies that provided it with consumer data before treating those data as reliable. *Id.* ¶¶ 35–36.

willfulness the plaintiff does not need to allege Chex acted maliciously. *Dalton*, 257 F.3d at 418. Instead, she needs only to plausibly assert that Chex "knowingly and intentionally committed an act in conscious disregard for the rights of the consumer." *Id.* (quotation marks and citation omitted).[6] Like the reasonableness of procedures, a defendant's willfulness is usually a question for a jury and is rarely resolved even at summary judgment. *Id.*

To guard against harm to consumers, the FCRA requires agencies like Chex to use reasonable procedures to ensure their reports are accurate. 15 U.S.C. § 1681e(b). The Amended Complaint plausibly alleges that, as a business selling credit reports, Chex knew it was subject to FCRA requirements and was aware that inaccuracies in

---

[6] Both parties make much of whether Chex's actions are protected under a "safe harbor against liability for willfulness" in which "[a] company cannot be said to have willfully violated the FCRA if the company acted on a reasonable interpretation of FCRA's coverage." *Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241, 248 (3d Cir. 2012). Essentially, Chex argues that because it could have reasonably interpreted other courts' decisions to mean that credit reporting agencies do not need to confirm their reports are consistent with bankruptcy court records, it could not have willfully violated the FCRA by declining to review bankruptcy records in its reporting. *See George*, 2017 WL 119590 at *3; *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1109 (8th Cir. 2022) (holding that where the plaintiff did not allege the defendant had reason to believe there were systemic problems with its reporting, the plaintiff could not show the defendant had an obligation to investigate bankruptcy records).

But the safe harbor principle is grounded in *Safeco*, a decision on *summary judgment*. Even if this Court applies the Third Circuit's framework, the question would be whether Chex's violation was willful as a matter of *fact*, based on whether Chex acted on a reading of the FCRA that was *factually* reasonable. On a motion to dismiss, the Court cannot determine whether Chex's interpretations of *George* and *Rydholm* were reasonable—or whether Chex's actions were based on interpretations of those decisions at all. Chex may argue later that it believed it was in compliance with the FCRA.

7

its reports could lead to severe consequences for its many consumers. ECF No. 16 ¶¶ 28, 49.

By asserting that Chex continued to use existing and limited procedures despite knowing that it produced "frequent" errors, the plaintiff plausibly alleges Chex behaved with conscious disregard for consumers' rights. ECF No. 16 ¶ 31; *see also id.* ¶ 33 (alleging Chex had "actual knowledge of the problems"). According to the Amended Complaint, Chex was aware that its procedures failed to guard against reports containing inaccurate information about debts discharged in bankruptcy. *Id.* ¶¶ 34, 39. It knew these inaccuracies were "systematic" because it received multiple consumer complaints through the CFPB and because it knew of several lawsuits against it and other credit reporting agencies stemming from this type of inaccurate information. *Id.* And yet, Chex sold consumer credit reports without implementing "any procedure to identify and correct these common errors prior to furnishing reports." *Id.* ¶ 37. These factual allegations, if true, could support a finding that if Chex failed to comply with the FCRA, that failure was willful.

## IV.  CONCLUSION

For these reasons, the Court **DENIED** the motion to dismiss filed by Defendant Chex Systems, Inc. *See* ECF No. 42.

/s/ Jamar K. Walker
United States District Judge

Norfolk, Virginia
October 10, 2025

8