**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

SHARON K. RIDDICK,
*on behalf of herself and all others similarly situated,*

Plaintiff,

v. Action No. 2:24cv700

CHEX SYSTEMS, INC.,

Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is plaintiff Sharon K. Riddick's ("plaintiff") motions to strike the declarations of Ronald Whyte, Laurie Husaby, and Brenda Bruce ("the witnesses") filed in April 2026. ECF Nos. 134, 141, 149. The motions assert that defendant Chex Systems, Inc. ("Chex Systems"), procured these declarations after the witnesses were deposed for the purpose of contradicting their unfavorable deposition testimony and supporting Chex Systems' opposition to plaintiff's motion for class certification. ECF No. 135, at 1–3; ECF No. 142, at 1–3; ECF No. 150, at 1–4. Chex Systems filed a response to each motion, ECF Nos. 176, 181–82, and plaintiff replied, ECF Nos. 189–91. For the reasons discussed below, the motions to strike the witness' declarations, ECF Nos. 134, 141, 149, are **DENIED**.

## I. BACKGROUND

In March 2024, plaintiff applied for a bank account with Chartway Federal Credit Union and was denied due to an alleged unpaid balance owed to SunTrust Bank. ECF No. 16, ¶¶ 12–13. Plaintiff requested her credit file from Chex Systems, a consumer reporting agency, and noted both an inquiry from Chartway Federal Credit Union in March 2024 and that Chex Systems was

reporting an "[u]npaid [c]hargeoff" owed to SunTrust Bank. *Id.* ¶¶ 11, 14–17. However, this reporting was inaccurate because plaintiff received a discharge in bankruptcy for the SunTrust account in 2019. *Id.* ¶ 21. This discharge is publicly available information. *Id.* ¶ 22.

On December 6, 2024, plaintiff sued Chex Systems, on behalf of herself and a class of similarly situated persons, asserting, in an amended complaint, one count of violation of the Fair Credit Reporting Act. ECF No. 1; ECF No. 16, ¶¶ 62–72.

The witnesses are each employees of Chex Systems. Ronald Whyte is the president, Laurie Husaby is the vice president of operations and data contribution, and Brenda Bruce is a product line manager. ECF No. 139-1, ¶ 2; ECF No. 146-1, ¶ 2; ECF No. 154-1, ¶ 2.[1] The witnesses were deposed between November 10 and December 11, 2025. ECF No. 135, at 2; ECF No. 142, at 2; ECF No. 154, at 2.

On February 5, 2026, plaintiff filed a motion to certify the class. ECF No. 96. Chex Systems responded on March 12, 2026, and attached to its opposition three declarations written by the witnesses. ECF Nos. 110, 114-2–114-4. Brenda Bruce's declaration was signed on March 11, 2026, while Ronald Whyte and Laurie Husaby's declarations were signed on March 12, 2026. ECF Nos. 114-2–114-4. Chex Systems relies on these three declarations in support of its arguments in opposition to the motion for class certification. *See* ECF No. 110.

## II. <u>ANALYSIS</u>

### *A. The sham affidavit doctrine does not apply to a motion for class certification.*

In support of each motion to strike, plaintiff argues that the declarations should be stricken under the sham affidavit rule. ECF No. 135, at 3–12; ECF No. 142, at 3–7; ECF No. 150, at 4–

[1] To the extent possible, the Court cites to the publicly available documents. However, where entire documents are unavailable, the Court references the sealed versions.

11. She asserts that this rule applies to situations other than summary judgment, including class certification, and that, under this rule, the affidavits should be stricken as they materially contradict the deposition testimony of the witnesses without satisfactory explanation. ECF No. 135, at 3–12; ECF No. 142, at 3–7; ECF No. 150, at 4–11; ECF No. 189, at 4–13; ECF No. 190, at 4–11; ECF No. 191, at 4–14. Plaintiff further details these contradictions at length for each witness. ECF No. 135, at 12–18; ECF No. 142, at 6–8; ECF No. 150, at 10–14.

Chex Systems contends that the sham affidavit doctrine does not apply outside the summary judgment context. ECF No. 176, at 5–8, 21–23; ECF No. 181, at 2–6, 18–20; ECF No. 182, at 3–6, 13–15. Further, Chex Systems asserts that, even if the doctrine applied to a class certification motion, the affidavits in question should not be stricken as they do not contradict the deposition testimony and provide only permitted elaboration. ECF No. 176, at 8–21; ECF No. 181, at 6–17; ECF No. 182, at 6–13.

"If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984) (quoting *Perma Rsch. & Dev. Co. v. Singer*, 410 F.2d 572, 578 (2d Cir. 1969)). This rule is known as the sham affidavit doctrine and has been adopted by the Fourth Circuit. *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 422 (4th Cir. 2014) (addressing affidavits submitted in opposition to a motion for summary judgment).

> At the summary judgment stage, if an affidavit is inconsistent with the affiant's prior deposition testimony, courts may disregard the affidavit pursuant to the sham-affidavit rule. For the sham-affidavit rule . . . to apply, there must be a bona fide inconsistency between an affiant's averments and his deposition testimony.

*Kinser v. United Methodist Agency for the Retarded-W.N.C.*, 613 F. App'x 209, 210–11 (4th Cir. 2015) (citations and quotation omitted). However, the issue of the doctrine's applicability to a

motion for class certification is less clear. *Compare Stacy v. Jenmar Corp. of Va., Inc.*, No. 1:21cv15, 2022 WL 1442247, at *7 n.3 (W.D. Va. May 6, 2022) (declining to apply the sham affidavit rule to a motion for class certification), *with Alig v. Quicken Loans, Inc.*, No. 5:12cv114, 2017 WL 5054287, at *13 (E.D. Va. July 11, 2017) (noting that the sham affidavit rule is "technically applicable to motions for summary judgment," yet applying it in the context of a motion for class certification).

The weight of authority leans towards not extending the doctrine to the class certification context. First, the doctrine was created for the express purpose of preventing parties from creating genuine disputes of material fact through submitting contradictory affidavits. *See Barwick*, 736 F.2d at 960. Whether there is a genuine dispute of fact is not at issue in the class certification context as it is at summary judgment. *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 319 (4th Cir. 2006) ("At the class certification phase, the district court must take a 'close look' at the facts relevant to the certification question and, if necessary, make specific findings on the propriety of certification."). Second, plaintiff has pointed the Court to no Fourth Circuit authority applying the sham affidavit doctrine to a motion for class certification and the Court is aware of none.[2]

[2] In fact, few district court decisions within the Fourth Circuit have touched on the issue. *Stacy*, 2022 WL 1442247, at *7 n.3 (declining to apply the sham affidavit rule to a motion for class certification); *Garey v. James S. Farrin, P.C.*, No. 1:16cv542, 2020 WL 4227551, at *7 n.12 (M.D.N.C. July 23, 2020) (noting that the doctrine has been applied to a class certification motion to strike "flatly contradictory evidence"); *Alig*, 2017 WL 5054287, at *13 (noting that the sham affidavit rule is "technically applicable to motions for summary judgment," yet applying it in the context of a motion for class certification). Plaintiff cites *Soutter v. Equifax Information Services, LLC*, for the proposition that the sham affidavit doctrine applies to a motion for class certification, ECF No. 135, at 4; ECF No. 142, at 4; ECF No. 150, at 5; ECF No. 189, at 6–7; ECF No. 190, at 5–6; ECF No. 191, at 6–7, but that proposition is nowhere within either of the citations plaintiff gives. *See Soutter v. Equifax Info. Servs., LLC,* 307 F.R.D. 183 (E.D. Va. 2015); *Soutter v. Equifax Info. Servs., LLC*, 299 F.R.D. 126 (E.D. Va. 2014). Plaintiff urges the Court to apply the logic of the 2014 *Soutter* decision, which, as she characterizes it, is that "a declaration submitted to a court that purports to establish facts on the declarant's personal knowledge, when the declarant's own prior sworn testimony establishes he had no such knowledge, *should not be credited*." ECF No.

Finally, the Court is persuaded by other district courts that have refused to apply the sham affidavit doctrine in similar circumstances.[3] Accordingly, as the affidavits were submitted as part of a motion for class certification, the sham affidavit doctrine does not apply and the motions to strike the declarations are **DENIED**.[4]

---

189, at 6 (emphasis added); ECF No. 190, at 6; ECF No. 191, at 6. However, this argument focuses on the weight to attach to declarations and does not explain why a rule created for the summary judgment context should be further extended.

[3] District courts around the country have refused to apply the sham affidavit doctrine to the class certification stage. *See, e.g., Stacy*, 2022 WL 1442247, at *7 n.3; *Victorino v. FCA US LLC*, No. 16cv1617, 2018 WL 2455432, at *21 (S.D. Cal. June 1, 2018); *Todd v. Tempur-Sealy Int'l, Inc.*, No. 13cv 4984, 2016 WL 5746364, at *4 (N.D. Cal. Sept. 30, 2016) ("The sham affidavit rule does not apply here. . . . This is a motion for class certification, not summary judgment. Inconsistent testimony by a party might be relevant to the question of credibility, but it is not grounds for automatically striking the testimony."); *In re Front Loading Washing Mach. Class Action Litig.*, No. 08-51, 2013 WL 3466821, at *9 (D.N.J. July 10, 2013); *see also Pasquale v. Tropicana Atl. City Corp.*, No. 20-06909, 2022 WL 2816897, at *3 (D.N.J. July 19, 2022) (doubting the applicability of the doctrine at the class certification stage).

Moreover, courts, including this Court, have also decided not to extend the sham affidavit doctrine to other non-summary judgment contexts. *See, e.g., Burnley v. Valentin*, No. 3:23cv160, 2026 WL 767145, at * 6 (E.D. Va. Mar. 18, 2026) (refusing to extend the sham affidavit doctrine to settlement enforcement proceedings); *Hodges v. Pac. Bells, LLC*, No. 2:17cv2564, 2018 WL 6589471, at *1–2 (W.D. Tenn. Sept. 27, 2018) (declining to apply the sham affidavit doctrine to a motion for expedited approval of notice and consent forms in a Fair Labor Standards Act case); *Christopher v. Elec. Servs., Inc.*, No. CV-12-345, 2012 WL 5471779, at *1–2 (D. Ariz. Nov. 9, 2012) (refusing to apply the sham affidavit doctrine to a motion to amend the complaint).

However, there are some courts that have disagreed, finding that the doctrine applies at the class certification stage or at least have considered it. *See, e.g., Alig*, 2017 WL 5054287, at * 13; *Garey*, 2020 WL 4227551, at *7 n.12; *Loonsfoot v. Stake Center Locating, LLC*, No. 3:23cv3171, 2025 WL 2222986, at *13 & n.19 (S.D. Ill. Aug. 5, 2025) (noting the sham affidavit rule, but not striking the affidavit and instead focusing on the effect of its discrepancies on its credibility).

[4] Because the Court has determined that the sham affidavit doctrine does not apply here, the Court need not consider the parties' arguments regarding striking these declarations under that doctrine.

### *B. There is no support in the motions for exclusion under Federal Rules of Civil Procedure 26 and 37.*

The majority of plaintiff's briefing regarding the three motions is dedicated to the sham affidavit doctrine. *See* ECF Nos. 135, 142, 150. However, plaintiff also cites to Rules 26 and 37 for the proposition that "a declaration that introduces factual assertions never disclosed during discovery . . . may be stricken for failure to comply with discovery obligations." ECF No. 135, at 4; ECF No. 142, at 4; ECF No. 150, at 5. Plaintiff points to a single fact which she labels as not disclosed in discovery—a record referenced in Ronald Whyte's declaration. ECF No. 135, at 5 n.1, 17–18. Otherwise, plaintiff's argument is focused on the fact that the three declarations purport to contradict the deposition testimony and that such contradictions are new information. ECF No. 135, at 4–18; ECF No. 142, at 4–8; ECF No. 150, at 5–14.

Chex Systems' briefing similarly focuses on the sham affidavit doctrine, but addresses plaintiff's arguments by countering that the alleged contradictory statements in the declarations are simply elaborations on the deposition testimony. ECF No. 176, at 8–21; ECF No. 181, at 6–17; ECF No. 182, at 6–13. Chex Systems further indicates that disclosed the record Ronald Whyte referenced in his declaration during discovery during its supplemental disclosures, ECF No. 176, at 10, which plaintiff conceded in reply, ECF No. 189, at 8–9.

Nowhere does plaintiff cite the Court to the relevant standard for exclusion of a declaration other than a single cite to Rules 26(e) and 37(c)(1). ECF No. 135, at 4; ECF No. 142, at 4; ECF No. 150, at 5. Nor does plaintiff provide factual support for her assertion that the record referenced in Ronald Whyte's declaration or the facts underlying any of the alleged contradictory statements in the declarations were not otherwise disclosed in discovery. *See* ECF Nos. 135, 142, 150, 189–91. In fact, regarding the one fact that plaintiff identified as not disclosed in discovery—the record referenced in Ronald Whyte's declaration—Chex Systems provided information indicating that

this assertion was incorrect. ECF No. 176, at 10. Plaintiff conceded this point in reply.[5] ECF No. 189, at 8–9. Further, plaintiff's requested relief is predicated on the sham affidavit doctrine, ECF No. 135, at 18–19; ECF No. 142, at 8; ECF No. 150, at 14–15, which the Court has already addressed does not apply in this context. The Court is well equipped to compare the information in the depositions and declarations to discern whether there are material differences. Accordingly, the Court finds no basis for relief under Rule 37 and the motions are **DENIED**.

## III. CONCLUSION

For the reasons discussed above the motions to strike the declarations, ECF Nos. 134, 141, 149, are **DENIED**.

The Clerk is **DIRECTED** to send a copy of this memorandum opinion and order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
August 13, 2026

[5] Despite conceding this point, plaintiff maintains her position by altering her argument to assert that "Chex[ ]Systems cannot now use a document produced in discovery, but never connected to this topic by any witness testimony, to supply specific facts that the only witness on the subject swore he could not recall." ECF No. 189, at 8–9. This argument is wholly unpersuasive as it essentially seeks to penalize Chex Systems for properly disclosing a document in discovery, but not doing plaintiff's counsel's own work for them by reading that document and understanding its significance to the case.

It is also worth noting that on several occasions, plaintiff bemoaned inaccuracies or alleged misstatements of fact on Chex Systems' part. *See, e.g.,* ECF No. 150, at 9–10. Chex Systems has done the same. *See e.g.*, ECF No. 176, at 3–4. This brings to mind the old adage—those in glass houses should not throw stones. The Court's expectation for all attorneys practicing before the Court is to practice with civility and professionalism and to adhere to the duty of candor.